FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2005 FEB 15  P 12: 40

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| ING LIFE INSURANCE AND ANNUITY COMPANY<br><br>Plaintiff,<br><br>v.<br><br>KUMBIRAI CHIWARA USHE,<br><br>FIDES PERDITA USHE AS MOTHER AND NATURAL GUARDIAN OF KUMBIRAI CHIWARA USHE,<br><br>ZVIDZAI G. USHE,<br><br>DUMAZILE Z. USHE,<br><br>NTOMBIZODWA KUMALO-USHE (LAST SPOUSE OF SAMSON CHIWARA USHE), individually and as Administratrix of the ESTATE OF SAMSON CHIWARA USHE<br><br>Defendants. | CIVIL ACTION NO. 1:04-11571-GAO |

## JOINT STATEMENT FOR INITIAL CASE MANAGEMENT CONFERENCE

Pursuant to Fed.R.Civ.P. 16 Local Rules 16.1 et seq., Interpleader Plaintiff ING Life Insurance And Annuity Company ("ING"; the "Plaintiff") and the named defendants Dumazile Z. Ushe, Ntombizodwa (Zoe) Kumalo-Ushe, Fides Perdita Ushe and Kumbirai Chiwara Ushe ("Defendants") submit the following joint statement.

Zvidzai G. Ushe, an unrepresented defendant living in Michigan, misunderstood himself to be represented by counsel for Zoe Ushe. His input into this joint statement could not be obtained in time for filing. Any supplementary statement he may wish to make will be submitted at the case management hearing.

## INTRODUCTION

### *A.    Introductory Statement of ING*

This is an interpleader action brought under 28 U.S.C. § 1335. The jurisdictional prerequisites for such an action have been met, as the funds in question exceed five hundred dollars and there is at least 'minimal' diversity of citizenship among the defendant-claimants.

The stakeholder, ING, has deposited the stake into the court registry and requested that it be held in an interest-bearing account. ING asserts no proprietary interest in this stake, although it does seek a fair and reasonable recovery of its attorney fees and expenses in this action from same.

### *B.    Introductory Statement of Fides Perdita Ushe and Kumbirai Chiwara Ushe*

Fides Perdita Ushe is the court appointed guardian of Kumbirai Chiwara Ushe, a minor, having been so appointed by the Hampden County Probate Court on or about February 25, 2004, Docket No. 04P0030. Kumbirai Chiwara Ushe, born June 9, 1987, is the daughter of the decedent, Samson Chiwara Ushe, and Fides Perdita Ushe, who were married on October 19, 1986 and divorced in Hampden County Probate Court on December 19, 2000. Pursuant to the divorce, the parties signed a separation agreement which was allowed and approved by the Hampden County Probate Court. Said agreement provided that certain retirement accounts owned by Samson Chiwara Ushe, believed to be the same accounts that are the subject matter of this action, would be amended so as to name Kumbirai Chiwara Ushe as the only and primary beneficiary.

### C.    Introductory Statement of Ntombizodwa Kumalo-Ushe and Dumazile Z. Ushe

Ntombizodwa ("Zoe") Kumalo-Ushe is the widow of Samson Chiwara Ushe. Dumazile Z. Ushe is his daughter. They are co-petitioners for administration of his estate in Hampden County Probate and Family Court, Docket no. 04P1734AD1. Dumazile Z. Ushe is also one of the named beneficiaries of the account which is the subject of this interpleader action.

## FACTS

### A. *Facts Known or Submitted on Information and Belief by ING*

The funds at issue in this interpleader are the proceeds of an annuity contract that the now-deceased Samson Chiwara Ushe had at ING under the account number G50000376 069447399 (the "Account"), dating back to 1984. ING has little biographical information on the late Mr. Ushe apart from the probate records disclosed by Attorney Crosby, counsel for Fides Perdita Ushe and Kumbirai Chiwara Ushe.

According to ING's records, interpleader defendants Kumbirai Ushe, Zvidzai Ushe and Dumazile Ushe were designated as the beneficiaries of the Account in the event of Samson Ushe's death. But it also appears that a divorce decree between Samson and interpleader defendant Fides P. Ushe makes some reference to this same Account. Counsel for Fides in this action has represented that he has custody of, and will produce, the documents concerning that divorce to the other parties.

At this moment, Samson Ushe's estate is being processed through state probate court in Western Massachusetts. The records of this proceeding disclosed by Attorney Crosby are attached at **Tab X**. The Account at issue in this interpleader, however, is apparently not eligible for probate disposition. Attorney Crosby is participating in the probate court action, as well, and working to have Zoe named as the personal representative of the estate. Once so designated, Zoe may be able to speak to the proper disposition of the stake.

### B. *Facts Known or Submitted on Information and Belief by Fides Perdita Ushe, as Guardian of Kumbirai Chiwara Ushe*

A separation agreement allowed and approved by the Hampden County Probate Court in a divorce action between Fides Perdita Ushe and Samson Chiwara Ushe provided that Kumbirai Chiwara Ushe would be designated sole beneficiary of retirement accounts with Aetna Opportunity Plus, Aetna Optional Retirement Program, TIAA and CREF, then owned by Samson Chiwara Ushe, now deceased. The accounts of the Plaintiff which are the subject matter of this action are the same and/or successor accounts referred to in the separation agreement.

C.  Facts Known or Submitted on Information and Belief by Ntombizodwa Ushe and Dumazile Z. Ushe

It is anticipated that the petition for administration will be approved by the Hampden County Probate Court within the next few weeks. The account in question is not subject to probate in Massachusetts, as there are named beneficiaries. Therefore, the estate of Samson Chiwara Ushe has no financial interest in the outcome of this action.

Zoe and Dumazile cannot, at this time, ascertain whether or not the account in question was an account subject to the separation agreement approved by the Hampden County Probate and Family Court on December 19, 2000. If the account was in existence at the time of divorce, it _may_ be that the beneficiary of the account should be amended to Kumbirai Chiwara Ushe as the sole beneficiary. However, the separation agreement did not specify by account number which accounts were to have her name listed as beneficiary. The administrators, once appointed, will have authority to obtain Mr. Ushe's financial statement filed with the court (financial statements are impounded and not available for public inspection), which may provide the information necessary to answer that question. The administrators will also have the authority to determine the "paper trail" in the event that funds in existence at the time of divorce were rolled over into the account in question.

## POSITIONS OF THE PARTIES ON CASE MANAGEMENT

*A.  Position of ING*

ING submits that it is extremely important for all interested parties that ING's legal expenses in this action be minimized, and that ING be extricated from these interpleader proceedings as soon as possible, so that:

> (i) ING's claim against the stake for its expenses be kept as low as possible; and
>
> (ii) the interested claimants can resolve their disputes over the stake among themselves without interference.

Before being dismissed from the case, ING only wishes to obtain the best assurance reasonably practicable that, in the eyes of the law, it has discharged whatever responsibilities it may owe, if any, to all potential claimants, including those that might exist but that are presently unknown to ING.

ING believes that it has already, with due care, identified and provided notice to all persons who might have a legitimate interest in the stake. Any 'surprise' claimants that might reveal themselves later would have no reasonable basis for proceeding against ING for any claim arising out of or related to the stake. Therefore, ING submits that, before any further steps are taken in this action, this Honorable Court should immediately issue a final judgment unconditionally releasing and discharging ING from all legal responsibility for the account funds in question, to the full extent of this Honorable Court's jurisdictional power.

In the alternative, if the parties or the Court has any question about potential claimants not being joined in this action, each interpleader defendant already named in this action should produce, in the form of initial disclosures, all documents and written disclosures of all non-documentary information they have concerning the late Samson Ushe's basic biographical information and any:

> (i) current or former wives;
> 
> (ii) children - minors or adults;
> 
> (iii) other family relations or dependents;
> 
> (iv) allegedly unpaid creditors, including taxing authorities; and
> 
> (v) other potential heirs to Samson Ushe or claimants upon his property.

This information can then be used to make a further determination of whether an unconditional release and discharge of ING should issue.

It is ING's understanding that the interpleader defendants so far named in this action may want to request a stay of proceedings until a personal representative for the estate of Samson

Ushe is selected with finality in the probate court. ING does not object to such a stay, so long as it is crafted to not interfere with the relief requested above.

ING stands ready to cooperate with any reasonable request for information made by the interpleader defendants in this action.

B.   *Position of Fides Perdita Ushe as Guardian of Kumbirai Chiwara Ushe*

Fides Perdita Ushe, as guardian of Kumbirai Chiwara Ushe, is the sole owner and rightful beneficiary of the Plaintiff's accounts which are the subject matter of this action. Fides Perdita Ushe further alleges that the interested parties to this action are limited to the named beneficiaries to the Plaintiff's accounts, namely Kumbirai Chiwara Ushe, Zvidzai G. Ushe and Dumazile Z. Ushe. It is her position that there is no realistic issue concerning Kumbirai Chiwara Ushe's ownership of one-third of the accounts which are the subject matter of this action as a named beneficiary, and that this Court should grant her one-third ownership of said accounts forthwith.

C.   Position of Ntombizodwa Kumalo-Ushe and Dumazile Z. Ushe

The only interested parties in this action are the named beneficiaries to the account. There is no dispute that Kumbirai Chiwara Ushe is entitled to one-third of the account. The former spouse, Fides Perdita Ushe, must prove that the account was in existence at the time of the divorce, that the account was intended by and agreed by the decedent to be subject to the divorce agreement or, in the alternative, that the source of funds for the account in question came from the accounts subject to the divorce agreement. It is likely that a probate court judge will have to make this decision after filing of a complaint in equity to determine the ownership of the account.

**PROPOSED SCHEDULING ORDER**

ING and the Defendants jointly propose the following scheduling deadlines as expeditious and suited to the needs of the case:

Hearing concerning the discharge and release of ING,
and its recovery of costs and attorney fees..........................................February 28, 2005

Initial disclosures by the defendants/claimants....................................March 21, 2005

Conference concerning alternative dispute resolution...........................April 4, 2005

Motions for joinder filed..........................................................................April 21, 2005

All discovery completed...........................................................................July 11, 2005

Summary judgment pleadings completed, filed and served....................September 7, 2005

Summary judgment hearing.....................................................................September 16, 2005

Final Pretrial Conference.........................................................................October 3, 2005

| Interpleader Defendants, | Interpleader Plaintiff, | Interpleader Defendants, |
| Ntombizodwa Ushe and | ING Life Ins. & Annuity | Fides Perdita Ushe and |
| Dumazile Z. Ushe | Co. | Kumbirai Chiwara Ushe |

By _____
Jane E. Crosby, Esq.
BBO# 106270
20 Maple St.
Springfield, MA 01103
413-746-9988
Fax: 413-733-3255
Their Attorney

By _____
Robert L. Ciociola
BBO# 084140
Gabriel D. M. Ciociola
BBO# 636072
Litchfield Cavo
6 Kimball Lane, Suite 100
Lynnfield, MA 01940
(781) 309-1500
(781) 309 0167 Fax
Its Attorneys

By _____
Joseph M. Lavinski, Esq.

BBO# 288680
935 Main St.
Suite 203
Springfield, MA 01103
413-739-9762
Fax: 413-739-9121
Their Attorney

7

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel of record by first class mail, postage pre-paid on February 11 2005.

_____
Gabriel D. M. Ciociola

N:\ING\Ushe\pleadings\Case Management Conference.doc

8