UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ING LIFE INSURANCE AND ANNUITY COMPANY<br><br>　　Plaintiff,<br><br>　　　　　　v.<br><br>KUMBIRAI CHIWARA USHE,<br><br>FIDES PERDITA USHE AS MOTHER AND NATURAL GUARDIAN OF KUMBIRAI CHIWARA USHE,<br><br>ZVIDZAI G. USHE,<br><br>DUMAZILE Z. USHE,<br><br>NTOMBIZODWA KUMALO-USHE (LAST SPOUSE OF SAMSON CHIWARA USHE), individually and as Administratrix of the ESTATE OF SAMSON CHIWARA USHE<br><br>　　Defendants. | CIVIL ACTION NO. 1:04-11571-KPN<br><br><br><br><br>JANUARY 18, 2006 |

## MOTION FOR ORDER TO DISBURSE REGISTRY FUNDS

Pursuant to Local Rules 67.2 and 67.3, Plaintiff, ING Life Insurance and Annuity Company, hereby moves the Court for an Order directing the Clerk of Court to disburse from the court's registry funds related to this matter $16,275.34 to Plaintiff ING Life Insurance and Annuity Company, representing ING's attorneys' fees and costs incurred in prosecuting this matter since its inception in July 2004, in accordance with a Release and Stipulated Judgment of the parties, attached hereto as **Exhibit A**. In support thereof, ING shows the Court the following:

1

ING brought an interpleader action under 28 U.S.C. § 1335 in the U.S. District Court for the District of Massachusetts. The funds at issue in the interpleader are the proceeds of an annuity contract that the now-deceased Samson Chiwara Ushe ("Samson") had at ING under the account number G50000376 069447399 (the "Account"), dating back to 1984. According to ING's records, interpleader defendants Kumbirai, Zvidzai, and Dumazile Ushe were designated as the beneficiaries of the Account in the event of Samson's death. However, a dispute arose as to whether Kumbirai should be the sole beneficiary of the proceeds of the Account, pursuant to a December 19, 2000 divorce decree between Fides Ushe (Kumbirai's current guardian) and the late Samson.

ING deposited the Account proceeds into the Court registry and requested that it be held in an interest-bearing account. In September 2005, the parties began executing a Release and Stipulated Judgment, the fully-executed version of which ING received from opposing counsel, Jane Crosby, on January 16, 2006. In the Release and Stipulated Judgment, the parties agreed, *inter alia*, that within ten (10) days of filing the fully-executed Release and Stipulated Judgment with the Court, ING would move the Court to disburse from the Account proceeds currently being held in the court's registry, an amount equal to ING's fair and reasonable attorneys' fees and expenses in prosecuting this interpleader action. See **Exhibit A** at paragraph 3. ING has filed the executed Release and Stipulated Judgment this same day. The instant Motion is in accordance with paragraph 3 of that Release and Stipulated Judgment, and ING has attached hereto as a **Exhibit B** a proposed Order regarding disbursement of funds to ING.

WHEREFORE, Plaintiff, ING Life Insurance and Annuity Company respectfully requests that the Court Order disbursement to ING of $16,275.34, from the Account

proceeds currently being held in the court's registry. Respectfully submitted,

>ING Life Insurance and Annuity Company
>By Its Attorneys
>
>*[signature]*
>Robert L. Ciociola BBO# 084140
>Melicent B. Thompson (ct19868), *pro hac vice*
>LITCHFIELD CAVO, LLP
>40 Tower Lane, Suite 200
>Avon, CT 06001
>(860) 255-5577
>ciociola@litchfieldcavo.com
>thompson@litchfieldcavo.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 18th day of January, 2006, to all counsel and *pro se* parties of record as follows:

**Counsel to Ntombizodwa-Ushe**
**Individually and as Administratrix**
**of the Estate of Samson Chiwara Ushe**
**and Dumazile Z. Ushe and to Zvidzai Ushe**

Jane E. Crosby, Esq.
20 Maple St.
Springfield, MA 01103

**Counsel to Kumbirai Chiwara Ushe**
**and Fides Ushe**

Joseph M. Lavinsky, Esq.
935 Main Street, Suite 203
Springfield, MA 01103

*[signature]*
Melicent B. Thompson, Esq.

3

Exhibit A

JANE E. CROSBY
Attorney at Law
20 Maple Street, 4th Floor
Springfield, MA 01103
(413) 746-9988
fax no. (413) 733-3255

January 13, 2006

Attorney Melicent B. Thompson
Litchfield Cavo, LLP
40 Tower Lane
Avon, CT 06001

    re:  ING Life Ins. Annuity Co. v. Ushe, et al.
         Civil Action No. : 04-CV-11571-GAO
         U.S. Dist.Ct. for the District of Massachusetts

         Estate of Samson Ushe
         Hampden Co. Probate no. 04P1734, 03P2628

Dear Attorney Thompson:

    Enclosed is the original stipulation which I finally did receive from Mr. Ushe. Please note that Ntombizodwa ("Zoe") did not sign individually (although I did request she do so). However, since she is not a named beneficiary and the account is not a probate asset, I do not believe that this creates a problem.

    Please let me know if you have any questions or concerns.

                            Very truly yours,

                            Jane E. Crosby

JEC
Enclosures
cc: Atty. Joseph Lavinski

# **RELEASE AND STIPULATED JUDGMENT**

This Release and Stipulated Judgment is entered into this 28th day of September, 2005, between ING Life Insurance and Annuity Company ("ING"), Fides Perdita Ushe ("Fides") the Court-appointed guardian of Kumbirai Chiwara Ushe, a minor ("Kumbirai"); Ntombizodwa Kumalo-Ushe ("Ntombizodwa"); Dumazile Z. Ushe ("Dumazile"); and Zvidzai Ushe ("Zvidzai").

WHEREAS, ING brought an interpleader action under 28 U.S.C. § 1335 in the U.S. District Court for the District of Massachusetts. The funds at issue in the interpleader are the proceeds of an annuity contract that the now-deceased Samson Chiwara Ushe ("Samson") had at ING under the account number G50000376 069447399 (the "Account"), dating back to 1984;

WHEREAS, according to ING's records, interpleader defendants Kumbirai, Zvidzai, and Dumazile were designated as the beneficiaries of the Account in the event of Samson's death. However, a dispute has arisen as to whether Kumbirai should be the sole beneficiary of the proceeds of the Account, pursuant to a December 19, 2000 divorce decree between Fides and the late Samson;

WHEREAS, ING, as the stakeholder, has deposited the stake into the Court registry and requested that it be held in an interest-bearing account. ING asserts no proprietary interest in this stake, although it does seek a fair and reasonable recovery of its attorney fees and expenses in this action from same;

WHEREAS, in a June 30, 2005 conference before the Court, the parties agreed that it would be in the best interests of each of them to fully and finally release, discharge, and dismiss ING from this matter in order to maximize the funds remaining in the Account for distribution to

the beneficiaries ultimately determined to be entitled to the Account proceeds or any portion thereof.

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth, it is stipulated and agreed as follows:

1. Fides Perdita Ushe on behalf of Kumbirai Chiwara Ushe, Ntombizodwa Kumalo-Ushe, Dumazile Ushe, and Zvidzai Ushe do, for themselves, and for their heirs, executors, administrators and assigns, hereby release and forever discharge ING and its past, present and future officers, directors, attorneys, shareholders, subsidiaries, affiliates, partners, employees, principals, agents, servants, representatives, predecessors, successors, and assigns of and from any and all actions, causes of action, claims, demands, liabilities, suits, controversies, proceedings, expenses, obligations, claims for loss, costs, charges, and attorneys' fees, which any of them now have or may have ever had against ING from the beginning of the world to the date of this Release and Stipulated Judgment, whether known or unknown, whether arising by statute, common law or otherwise, of whatsoever kind or nature, on account of or in any way growing out of ING's institution of this interpleader action, its payment of the Account proceeds into Court, and/or its dismissal from this matter, by consent of the parties, and with the Court's permission.

2. By executing this Release and Stipulated Judgment, the parties specifically acknowledge, agree and stipulate that ING has identified and provided notice to all persons who might have a legitimate interest in the stake, with due care, and that ING has discharged whatever responsibilities it may owe, if any, to all potential claimants, including those that might exist but that are presently unknown to ING. Accordingly, upon execution and filing of this Release and Stipulated Judgment, ING shall move the Court for an Order in accordance with this

Release and Stipulated Judgment, establishing that ING is not and cannot be liable to any future, and/or unknown claimants against the stake on any account, or in any way growing out of ING's institution of this interpleader action, its payment of the Account proceeds into Court, its handling of the Account funds, and/or its dismissal from this matter.

3. The parties agree and stipulate that prior to distributing any portion of the Account to any Account beneficiaries, ING shall be reimbursed from the Account proceeds for its attorneys' fees and costs associated with this action. Accordingly, within ten (10) days of the execution and filing of this Release and Stipulated Judgment, ING shall move the Court for payment of those fees and costs directly to ING, out of the Account proceeds.

4. The parties further agree and stipulate that Kumbirai is entitled to one third (1/3) of the Account proceeds after payment of ING's fees and expenses. Accordingly, within fifteen (15) days of execution and filing of this Release and Stipulated Judgment with the Court, Fides Ushe, through counsel, shall move the Court to distribute to Fides Ushe, in care of Kumbirai Ushe, one third (1/3) of the Account proceeds remaining after payment of ING's fees and expenses.

5. In executing this Release and Stipulated Judgment, the parties represent that they have proceeded with the advice of an attorney of their own choice, that they have read the terms of this Release and Stipulated Judgment, that the terms of this Release and Stipulated Judgment have been completely read and explained to them by their attorneys, and that those terms are fully understood and voluntarily accepted by them. The parties further affirmatively represent that they have voluntarily entered into this Release and Stipulated Judgment and that no representations by them or their attorneys, agents or other representatives have been made which are not expressly set forth in this Release and Stipulated Judgment.

6.  This Release and Stipulated Judgment constitutes the full and complete agreement between the parties hereto. It may be modified only by an authorized, executed written Amendment.

Dated: September __, 2005

By: *Fides P. Ushe*
Fides Ushe on behalf of Kumbirai Ushe

By: *Joseph M. Lavinski*
Joseph M. Lavinski
Lavinski Law Offices
935 Main Street, Suite 203
Springfield, MA 01103
Attorneys for Kumbirai Ushe, c/o Fides Ushe

By: _____
Ntombizodwa Kumalo-Ushe

By: *Jane E. Crosby*
Jane Crosby, Esq.
20 Maple St.
Springfield, MA 01103
Attorneys to Ntombizodwa-Ushe,
Individually and as Administratrix of the Estate of
Samson Chiwara Ushe, and to Dumazile Z. Ushe,
and to Zvidzai Ushe

By: *D. Ushe-Foyer*
Dumazile Z. Ushe

By: *Z. Ushe*
Zvidzai Ushe

By: _____
ING Life Ins. & Annuity Co.
Dave Pendergrass
Its Officer

By: *Melicent B. Thompson*
Melicent B. Thompson, *pro hac vice*
LITCHFIELD CAVO
40 Tower Lane, Suite 200
Avon, CT 06001
Attorneys to ING Life Ins. & Annuity Co.

4

**Exhibit B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ING LIFE INSURANCE AND ANNUITY COMPANY<br><br>    Plaintiff,<br><br>    v.<br><br>KUMBIRAI CHIWARA USHE,<br><br>FIDES PERDITA USHE AS MOTHER AND NATURAL GUARDIAN OF KUMBIRAI CHIWARA USHE,<br><br>ZVIDZAI G. USHE,<br><br>DUMAZILE Z. USHE,<br><br>NTOMBIZODWA KUMALO-USHE (LAST SPOUSE OF SAMSON CHIWARA USHE), individually and as Administratrix of the ESTATE OF SAMSON CHIWARA USHE<br><br>    Defendants. | CIVIL ACTION NO. 1:04-11571-GAO |

## <u>ORDER</u>

Having heard the January 18, 2006 Motion For Order to Disburse Registry Funds of Plaintiff, ING Life Insurance and Annuity Company ("ING") it is hereby **ORDERED**:

The Clerk of the Court shall disburse from the court's registry funds related to the above-captioned matter within five (5) days of the date of this Order $16,275.34, representing ING's fair and reasonable attorneys' fees and costs related to prosecuting this interpleader action.

1

The check disbursing said funds shall be made payable to:

    ING Life Insurance and Annuity Company, Tax ID # 71-029478
    C/O Karen Cooper, Esq.
    ING US Legal Services
    5780 Powers Ferry Road, NW
    Atlanta, GA  30327-4390

    It is so ORDERED and ADJUDGED this \_\_\_\_ day of \_\_\_\_\_, 2006.

                                                          Magistrate Judge Kenneth P. Neiman
                                                          U.S. District Court Magistrate Judge
                                                            for the District of Massachusetts